**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LUIS ALONSO-BERNABE,
a/k/a Luis Alonso,

Petitioner,

v.

JEFFERSON B. SESSIONS, III,
United States Attorney General,

Respondent.

No. 16-9563
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Luis Alonso-Bernabe, a native and citizen of Mexico who is represented by

counsel, petitions for review of the denial of his applications for cancellation of

removal and voluntary departure.  Exercising jurisdiction under 8 U.S.C.

§ 1252(a)(1), (2)(D), we deny the petition.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

BACKGROUND

After conceding removability, Mr. Alonso applied for cancellation of removal and voluntary departure. While his immigration proceedings were pending, he was convicted of assault in violation of Utah Code Ann. § 76-5-102. This conviction included a domestic-violence enhancement.

The immigration judge (IJ) determined that § 76-5-102 is a divisible statute. Employing the modified categorical approach under *Descamps v. United States*, 133 S. Ct. 2276 (2013), he held the conviction qualified as a crime of domestic violence that disqualified Mr. Alonso from cancellation of removal. He further held that the conviction was a crime involving moral turpitude (CIMT) that precluded Mr. Alonso from establishing good moral character for the purposes of voluntary departure. The IJ therefore denied relief.

On appeal, the BIA held that the IJ had not adequately explained why the conviction qualified as a crime of domestic violence or how he used the modified categorical approach as set forth in *Descamps*. It remanded for the IJ to further consider these issues.

On remand, the IJ again denied relief. As before, he concluded that the conviction was not categorically a crime of violence. He then held, however, that he was unable to employ the modified categorical approach because the record did not contain the jury instructions to show the elements underlying Mr. Alonso's conviction. Without such evidence, the IJ could not determine under which portion of the statute Mr. Alonso was convicted and whether that portion would qualify as a

crime of violence or a CIMT. Placing the burden of proof on Mr. Alonso, the IJ stated, "since [he] has not provided the Court with sufficient evidence to ascertain divisibility in his state court Assault case, [he] has failed to show he has not been convicted of a disqualifying conviction," namely, a crime of domestic violence or a CIMT. R. at 66, 67.

The BIA affirmed, rejecting Mr. Alonso's arguments that the government had the burden of proof and that the CIMT issue had not been raised earlier. The BIA further denied his motion to remand the record, concluding that he had, in fact, been given notice and an opportunity to respond.

## ANALYSIS

Because Mr. Alonso raises only legal questions, our review is de novo. *Mena-Flores v. Holder*, 776 F.3d 1152, 1162 (10th Cir. 2015).

Mr. Alonso agrees with the agency that § 76-5-102 is a divisible statute. He contends, however, that the agency erred in placing the burden on him to disprove the nature of the conviction, rather than placing the burden on the government to show the conviction qualified. It is patently clear, however, that the agency did not err.

Under 8 U.S.C. § 1229a(c)(4)(A)(i), "[a]n alien applying for relief or protection from removal has the burden of proof to establish that [he] . . . satisfies the applicable eligibility requirements." Under 8 C.F.R. § 1240.8(d), "[i]f the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." And in *Garcia v. Holder*, 584 F.3d 1288,

3

1289-90 (10th Cir. 2009), this court held that when a criminal record is inconclusive as to whether an alien committed a CIMT, the alien has not satisfied his burden of showing eligibility for cancellation of removal or voluntary departure. This is so even when the alien is not at fault for the ambiguity in the record. *Id.* at 1290.

Mr. Alonso next suggests that the agency denied him due process. With regard to whether the conviction was a crime of domestic violence, he requests a remand to the agency for the opportunity to introduce conviction documents into the record. And with regard to whether the conviction was a CIMT, he asserts that the issue "is completely inexplicable": "Not even the [government] counsel had argued for this, and the CIMT analysis was not a part of the IJ's previous order nor the appeal to [the BIA] nor [the BIA's] remand to the IJ." Pet. Br. at 16. "Mr. Alonso was never given any kind of opportunity to be heard about the CIMT issues, and thus there is a quintessential due-process violation." *Id.*

"While the cancellation of removal is not a liberty or property interest, aliens challenging eligibility for the cancellation of removal are entitled to an opportunity to be heard at a meaningful time and in a meaningful manner." *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1020 (10th Cir. 2007) (internal quotation marks omitted). As in *Torres de la Cruz*, however, Mr. Alonso received all the process he was due.

In the hearing preceding the first IJ order, the government raised the fact of the conviction, suggesting that it precluded cancellation of removal. The IJ granted Mr. Alonso's counsel a seven-week continuance to evaluate the effect of the conviction and informed counsel he would welcome any argument or evidence.

4

When the proceeding reconvened, the IJ gave counsel the opportunity to orally argue, but counsel made no argument.

Mr. Alonso's allegations that the CIMT issue was a surprise also are contradicted by the record. At the hearing, the government did alert the IJ that the conviction could qualify as a CIMT. As stated, counsel chose not to submit evidence or make an argument. Further, when the IJ considered voluntary departure, counsel conceded that the conviction was a CIMT. And the IJ explicitly found in the first decision that the conviction qualified as a CIMT.

As the BIA concluded, Mr. Alonso "was provided ample opportunity to present his case and was on notice concerning the issues involved." R. at 5. To the extent that he suggests that due process required a new hearing and opportunity to argue after the remand of the first IJ decision for legal error, he cites no authority establishing any such requirement.

## CONCLUSION

The petition for review is denied. The amended motion to proceed without prepayment of fees and costs is granted. But because 28 U.S.C. § 1915(a)(1) excuses only *prepayment* of fees, Mr. Alonso remains obligated to pay all applicable fees.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

5